IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN DALESSIO** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 20-3379** |
| **v.** | : | |
| | : | |
| **U.S. DEPARTMENT OF HOUSING &** | : | |
| **URBAN DEVELOPMENT,** *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                                    MARCH 24, 2021

# MEMORANDUM OPINION

**INTRODUCTION**

In the amended complaint, Plaintiff Stephen Dalessio ("Plaintiff") brings this premises liability action under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, against, *inter alia*, the United States Department of Housing & Urban Development ("HUD"), seeking to hold HUD liable for injuries he allegedly sustained when he tripped and fell on an unsafe sidewalk on a property owned by HUD. [ECF 4]. Before this Court is a motion to dismiss filed by the United States of America, on behalf of HUD, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), for lack of subject-matter jurisdiction.[1] [ECF 7]. Plaintiff opposes the motion.[2] [ECF 10]. The issues presented in the motion to dismiss have been fully briefed and

---

[1] It is well-settled that the only proper defendant for claims brought under the FTCA is the United States of America, and not a federal agency sued in its own name or individual federal employees sued in their official capacities. *See Bailey v. U.S. Marshals Serv. Headquarters*, 426 F. App'x 44, 45-46 (3d Cir. 2011); *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008). In light of this well-settled law, and in order to properly consider the present motion to dismiss, this Court will dismiss the United States Department of Housing and Urban Development from this action and, in turn, substitute the United States of America as the proper Defendant subject to Plaintiff's FTCA claims. For clarity and consistency, however, the Court will refer to the United States of America as the "United States" or "HUD" throughout this Opinion.

[2] This Court has also considered the United States' reply. [ECF 11].

are ripe for disposition. For the reasons set forth herein, the motion is granted and Plaintiff's claims against HUD/the United States are dismissed for lack of subject-matter jurisdiction.

**BACKGROUND**

As noted, Plaintiff asserts claims against HUD, premised on injuries he allegedly suffered when he tripped and fell on an unsafe sidewalk on a property owned by HUD in Philadelphia. [ECF 4]. The United States filed the instant motion to dismiss arguing that this Court lacks subject-matter jurisdiction over the claims asserted against it because these claims fall within the independent contractor exception *and* the discretionary function exception to the FTCA's waiver of sovereign immunity. The following facts are gleaned from Plaintiff's amended complaint and various documents attached to the United States' motion to dismiss:[3]

> On July 13, 2018, Plaintiff, an invitee, tripped and fell on an unsafe sidewalk located on the property of 937 North 65th Street, Philadelphia, Pennsylvania—a property owned by HUD (the "Property"). As a result, Plaintiff suffered various injuries, including serious injuries to his left ankle, leg, and lower extremity. Plaintiff alleges that HUD was responsible for the inspection, maintenance, and repair of the sidewalk at the Property because HUD owns the Property and, therefore, is liable.
>
> Seven months before Plaintiff's accident, HUD assigned the Property to non-party BLM Companies, LLC ("BLM") for property maintenance and preservation services. HUD made the assignment pursuant to a preexisting contract between HUD and BLM that required BLM, *inter alia*, to provide maintenance services to HUD-owned properties in Pennsylvania (the "HUD-BLM Contract").
>
> Under the HUD-BLM Contract, BLM is responsible for the maintenance and preservation of various assigned properties without supervision or approval from HUD. In that regard, the HUD-BLM Contract provides the following relevant provisions:

---

[3] When a party asserts a factual attack to subject-matter jurisdiction, as the United States does here, the court is not restricted to considering only the allegations in the complaint; rather, the court "must weigh the evidence relating to jurisdiction" with discretion to allow affidavits and documents. *Turicentro, S.A. v. American Airlines, Inc.*, 303 F.3d 293, 300 n.4 (3d Cir. 2002), *overruled on other grounds by Animal Sci. Prods. v. China Minmetals Corp.,* 654 F.3d 462 (3d Cir. 2011).

- Subsection H.7 (Additional Responsibilities): "The Contractor shall take proper health and safety precautions to protect contractor's employees (including subcontractors), and the public . . . The Contractor is responsible for any and all injuries/damages to persons and/or property resulting from the Contractor's performance under this contract." (HUD-BLM Contract, ECF 7-1, Ex. A, Attach. 1).

- Section C.5.2.2.1.2.1 (Health and Safety Hazards and Emergency Repairs) of the contract provides: "The Contractor's responsibility to remedy Health and Safety Hazards and Emergency Repairs remains until the property closes and ***HUD is no longer responsible for its maintenance***.  The remedy of Health and Safety Hazards is a Contractor Expense.  Examples of Health and Safety Hazards include but are not limited to . . . ***trip hazards*** . . . ." (*Id.*) (emphasis added).

- Section C.2.2 (Definitions) of the contract defines "Health and Safety Hazards" as "any condition or situation at the property that exposes the government to abnormal risk, that presents a source of danger, which could cause an accident, or poses the threat of injury, harm to the public or property that must be corrected within one (1) day of discovery or notification." (*Id.*).

- Section C.5.2.3 (Property Maintenance): "The Contractor shall maintain properties in Ready to Show Condition.  The Contractor shall be liable for damages to all acquired properties due to failure to inspect or maintain property in ready to show condition or secure property or other act, neglect, failure, or misconduct of the Contractor, a Subcontractor, or any Management Official of any of the foregoing.  The Contractor shall indemnify HUD for losses due to any act, neglect, failure, or misconduct of the Contractor, a Subcontractor, or any Management Official of any of the foregoing.  The Contractor shall not be held liable for casualty damage as long as, before and after such casualty, the Contractor takes immediate and reasonable action to protect the property." (*Id.*).

- Section C.2.2 (Definitions) of the contract defines "Ready to Show Condition" to include "Dwellings and structures must be free of all health and safety hazards and broken window . . . The yard must be free of trash and debris; accumulated leaves and holes must be covered or filled . . . ."  (*Id.*).

3

- The HUD-BLM Contract's Property Management Plan further provides that BLM will perform "Initial Clean Out Services" of assigned properties, which will include "[r]emov[ing] or repair[ing] *tripping hazards* and holes in the flooring and other places as required." (*Id*. at Ex. A, Attach. 1, at 162-63) (emphasis added).

**LEGAL STANDARD**

A Rule 12(b)(1) motion to dismiss challenges the existence of subject-matter jurisdiction. As the party invoking this Court's jurisdiction, Plaintiff bears the burden of proving that the requisite jurisdictional requirements are met. *Development Fin. Corp. v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995). "[W]hen there is a fact question about whether a court has jurisdiction, the trial court may examine facts outside the pleadings . . . '[b]ecause at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case.'" *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Therefore, this Court is free to consider evidence outside the pleadings to resolve factual issues bearing on the jurisdictional issue. *See Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997). A court may properly consider whether the FTCA's independent contractor exception is applicable on a motion to dismiss pursuant to Rule 12(b)(1) because the motion raises jurisdictional issues. *See Norman*, 111 F.3d at 357 (affirming judgment analyzing motion for relief under FTCA due to tortfeasor's independent contractor status under Rule 12(b)(1)); *Pace v. United States,* 2008 WL 4559598, at *2 (D.N.J. Oct. 9, 2008) (addressing the United States' motion under Rule 12(b)(1) rather than under Rule 56 where the government argued that a cleaning service was an independent contractor responsible for negligence which led to plaintiffs' injuries).

**DISCUSSION**

As noted, the United States argues that this Court lacks subject-matter jurisdiction over Plaintiff's claims against it in this matter because HUD is protected from liability under the FTCA's independent contractor exception and under the discretionary function exception. Generally, the United States is immune from suit for monetary damages. *Sconiers v. United States*, 896 F.3d 595, 597 (3d Cir. 2018). The FTCA, however, provides a limited waiver of the United States' sovereign immunity allowing tort claims under specific circumstances. *Id*. Specifically, § 2674 provides that:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

28 U.S.C. § 2674. The scope of this waiver must be strictly construed in favor of the United States. *Orff v. United States*, 545 U.S. 596, 601-02 (2005); *Lightfoot v. United States*, 564 F.3d 625, 628 (3d Cir. 2009). The FTCA's waiver is subject to several exceptions; where an exception to the waiver applies, sovereign immunity remains a jurisdictional bar to suit. *See Dolan v. United States Postal Serv.*, 546 U.S. 481, 485 (2006); *United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("the terms of the [United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit."). This Court will address each potential exception separately.

### *Independent Contractor Exception*

In interpreting various provisions of the FTCA, the United States Court of Appeals for the Third Circuit ("Third Circuit") has concluded that one such exception to the waiver of sovereign immunity is the so-called "independent contractor exception." *Norman v. United States*, 111 F.3d 356, 357 (3d Cir. 1997). In finding this exception, the Third Circuit relied primarily on § 1346(b) of the FTCA, which provides that district courts:

5

> shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for . . . personal injury . . . caused by the negligent or wrongful act or omission of any ***employee of the Government*** while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b) (emphasis added); *see also Norman*, 111 F.3d at 357.

The FTCA defines "employee of the Government" to include "officers and employees of any federal agency." 28 U.S.C. § 2671. Based on these two provisions of the FTCA, the Third Circuit concluded that "the United States is not liable for injuries caused by the negligence of its independent contractor[s.]" *Jackson v. Liberty Mut. Ins. Co.*, 282 F. App'x 150, 151 (3d Cir. 2008) (citing *Norman*, 111 F.3d at 357); *see also Moreno v. United States*, 387 F. App'x 159, 160 (3d Cir. 2010) (holding that "suits against independent contractors are not viable" under the FTCA).

In determining whether an entity or individual is a federal employee or an independent contractor, the "critical factor . . . is whether the government has the power 'to control the detailed physical performance of the contractor.'" *Norman,* 111 F.3d at 357 (citing *Orleans,* 425 U.S. at 814). "[T]he question here is not whether the [contractor] receives federal money and must comply with federal standards and regulations, but whether its day-to-day operations are supervised by the Federal Government." *Norman,* 111 F.3d at 357 (citing *Orleans,* 425 U.S. at 815) (internal quotations omitted). To make this determination, courts "have looked to the contract between the United States and the contactor to determine whether the United States exercised day-to-day supervision over the work of the contractor." *Dugan v. Coastal Indus., Inc.*, 96 F. Supp. 2d 481, 483 (E.D. Pa. 2000). "Only convincing proof that a federal employee exercised supervisory control over an independent contractor's daily operations will subject the Government to liability for the negligence of its contractor." *Courts v. U.S.*, 2016 WL 4521687, at *3 (D.N.J. Aug. 29,

2016).  "Broad governmental oversight is not sufficient to elevate a government vendor or service provider from independent contractor to employee status for the purpose of the FTCA." *Smiley v. Artisan Builders*, 2015 WL 3948044, at *4 (E.D. Pa. June 26, 2015).

Here, Plaintiff asserts that HUD was negligent and, therefore, liable for his injuries because HUD owns the Property and that its ownership imposes "an obligation to maintain and/or repair the sidewalk in front of" the Property.  (Am. Comp. ¶ 32).  Nowhere, however, does Plaintiff allege that HUD in any way controlled the day-to-day activities of either BLM or any of the other entities named in the amended complaint that may have been contracted to inspect, maintain, service, and/or repair the sidewalk in front of the Property.  Further, HUD has presented unrefuted evidence that, at the time Plaintiff's injuries occurred, HUD had contracted out the day-to-day inspection, maintenance, and repair responsibilities for the Property to BLM.  The HUD-BLM Contract expressly provides that BLM—not HUD—was responsible for taking "proper health and safety precautions to protect . . . the public" and was "responsible for any and all injuries/damages to persons . . . resulting from the Contractor's performance under this contract."  (Section H.7).  The HUD-BLM Contract also mandates that the "Contractor shall maintain" the Property and "shall be liable for damages . . . due to failure to inspect or maintain" the Property.  (Section C.5.2.3). Further, the HUD-BLM Contract expressly provides that "HUD is no longer responsible for [the Property's] maintenance."  (Section C.5.2.2.1.2.1).[4]

Given this record, the undisputed evidence establishes that BLM had the *exclusive* responsibility and control over the maintenance and safety of the Property when Plaintiff suffered

---

4    Although the HUD-BLM Contract does not explicitly deprive the Government of day-to-day supervisory responsibility, "[a] contract between the Government and an independent contractor need not expressly state that the Government 'will refrain from exercising supervision for an independent contractor relationship to exist.'" *Courts*, 2016 WL 4521687, at *5.

his fall and was injured. Accordingly, BLM was an independent contractor—not a federal employee—and, as such, the independent contractor exception to the FTCA applies. Consequently, "the United States is not liable for injuries caused by the negligence of [BLM,]" *Jackson*, 282 F. App'x at 151 (citing *Norman*, 111 F.3d at 357), and Plaintiff cannot assert an FTCA claim against the United States under the facts alleged. Because Plaintiff's FTCA claim against the United States is barred by sovereign immunity, this Court lacks subject-matter jurisdiction over said claim.[5]

### *Discretionary Function Exception*

Plaintiff also argues that this Court can exercise subject-matter jurisdiction over his claims against the United States because he has alleged that HUD was negligent for its failure to adequately supervise, train, and instruct BLM on the standards for inspecting and repairing the Property. (Pltf. Opp., ECF 10, at 12 (citing Am. Comp. ¶ 34(g) and (j)). This argument is misplaced. Plaintiff's amended complaint is completely silent with respect to BLM and/or HUD's relationship with BLM. In fact, the cited paragraphs in the amended complaint reference only the "defendants herein," which does not include BLM. Regardless, even if Plaintiff had made such

---

[5]     This conclusion is consistent with other courts' analysis of similar claims asserted under the FTCA stemming from similar HUD contracts. *See, e.g.*, *Woods v. Secretary of Housing & Urban Development*, 2017 WL 4621690, at *4 (E.D. Pa. Oct. 16, 2017); *Smith v. Steffens*, 429 F. Supp. 2d 719 (E.D. Pa. 2006); *Brimfield v. United States*, 2002 WL 31413375 (E.D. Pa. Oct. 17, 2002); *Balkonis v. United States*, 2002 WL 32348285, at *3 (E.D. Pa. Aug. 14, 2002); *Redford v. United States*, 2020 WL 4586794, at *3 (D.N.H. Aug. 10, 2020) (dismissing FTCA claim against HUD and holding "[b]ecause BLM is an independent contractor, the government is immune from [plaintiff's] premises liability claim.").

Notwithstanding the clear application of the independent contractor exception here, Plaintiff argues that Pennsylvania law precludes a property owner's delegation of its duty to maintain its property in a safe condition. As Plaintiff himself seems to recognize, however, this argument was rejected by the Third Circuit in *Norman v. United States*, 111 F.3d 356 (3d Cir. 1997). *See also Richardson v. Philadelphia Authority for Industrial Development*, 2004 WL 1614882, at *4 (E.D. Pa. July 16, 2004). As such, Plaintiff's argument has no merit.

allegations in his amended complaint, such allegations fall within the "discretionary function exception" to the FTCA.

The discretionary function exception provides that the government cannot be held liable for any claim based on "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). If a claim falls within this exception to FTCA liability, then sovereign immunity applies and the court lacks subject-matter jurisdiction over the claim. *Chapman v. United States*, 480 F. Supp. 3d 601, 613 (M.D. Pa. 2020) (holding that court lacked subject-matter jurisdiction over claim falling within discretionary function exception). Numerous courts have found that training and supervising independent contractors are clearly discretionary functions of the government. *See, e.g., Chapman*, 480 F. Supp. 3d at 613 (holding plaintiff's claims against government agency alleging "negligence in the hiring, supervision, training, and retention of [contractor] are . . . barred by the discretionary function exception."); *Brown v. United States*, 2018 WL 741731, at *4 (E.D. Pa. Feb. 7, 2018), *aff'd* 823 F. App'x 97, 101-01 (3d Cir. July 30, 2020) (holding discretionary function exception barred claims against government agency premised on negligent hiring, retention, training, discipline, and supervision of contractor, and collecting cases holding the same); *Kirchmann v. United States*, 8 F.3d 1273, 1277 (8th Cir. 1993) (holding "both negligence in supervising a contractor and the failure to supervise a contractor at all are included in the decision protected by the discretionary function exception."). This Court agrees. Therefore, to the extent Plaintiff's claims against the United States/HUD are premised on negligent supervision, training, and/or instruction of contractors, these claims are barred by the discretionary function exception. Accordingly, this Court lacks subject-matter jurisdiction over these claims.

**CONCLUSION**

For the foregoing reasons, this Court finds that because the independent contractor and discretionary function exceptions to the FTCA apply, Plaintiff has failed to meet his burden of establishing this Court's subject-matter jurisdiction over his FTCA claims against the United States.  Consequently, this Court further finds that the United States has not waived its sovereign immunity, its motion to dismiss is granted, and Plaintiff's claims against the United States *only* are dismissed for lack of subject-matter jurisdiction.  An Order consistent with this Memorandum Opinion follows.


NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.